M'Girk, C. J.,
delivered the opinion of the Court.
The case is, that an action of assault and battery was Brought against the defendants in error, by John, for freedom. The record shows, that the mother of the plaintiff, before the ordinance of Congress, of 1787, was holden as a slave, in the Territory northwest of the river Ohio, in that part now called Illinois, and that, after said ordinance, the said mother was still holden in Illinois as a slave; and while so holden, and about 3G years past, in the Illinois, John wasborn; and that he was holden there as a slave, till lately. The counsel for John, asked the Court to instruct the jury, that by virtue of said ordinance, under these circumstances, John was entitled to his freedom, which the Court refused. Many other points were made in the Court below, and assigned for error, none of which will we notice, as we are with the plaintiff in error on the point above stated. The ordinance is found in the first volume of the Jaws of the United States, p. 480. The 6th article says, that there shall be neither slavery nor involuntary servitude in said Territory, otherwise than for the punishment of crimes, whereof the party shall have been duly convicted. This case is not within the exception; we cannot undertake to give the words a construction ; no words are to be contrived, unless a doubt arises ; here, there is no doubt. The ordinance is positive, that slavery cannot exist; and shall we, or any other Court, say otherwise. But it is contended by the counsel of the defendants, Tiffin and Menard, that although the words are clear enough in themselves, yet, that when we look at the cession act of Virginia, and the whole of the ordinance, that there is much room to doubt if these general, positive words, ought not to be so understood as to admit those who were slaves in that country, at the adoption of the ordinance, and their descendants, to continue so; because the ordinance says, in another place, that the inhabitants shall be protected in the just preservation of their rights and property, and that by the act of cession of Virginia, it is stipulated, that the inhabitants shall be protected in the'enjoyment of their rights and liberties: 5 Vol. Laws U. S., 473.
The whole of these instruments, taken together, are unable to create any doubt in our minds, as to. the meaning’ of the 6th article of the ordinance. The express words in the cession act of Yirgmia, that the inhabitants shall be protected in the enjoyment of their rights and liberties, are completely satisfied, by securing to them the enjoyment of such rights as they then had, and not that the things or objects that plight then happen to he. Property shpuld- be so throughput all future time. This man was not then bom, and when he was b,qrn ir¡to existence, the law forbid slavery to exist; and at the time of the making the cession act, this man, John, was not property; and at the time of his birth, he popld not be property. There is nothing ip the cession act, forbidding Congress tp fix and point put things which might *521 afterwards be the subject of property. According to this view of the subject, John is free.
The judgment is reversed, with costs, and sent back to the Circuit Court, for a new trial.